**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Bose Corporation,

*Plaintiff*,

v.

ChuangTuTu,

*Defendant*.

Case No. 1:26-cv-10563

**Judge Mary M. Rowland**

**Magistrate Judge Young B. Kim**

**DEFENDANT CHUANGTUTU'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND COMPLY WITH THE COURT'S SEVERANCE ORDER, TO DISSOLVE THE PRELIMINARY INJUNCTION, OR, ALTERNATIVELY, FOR AN ORDER TO SHOW CAUSE**

Defendant ChuangTuTu respectfully moves under Federal Rules of Civil Procedure 41(b), 54(b), and 65, and the Court's inherent authority, to dismiss this action without prejudice for failure to prosecute and comply with the Court's severance order, and to dissolve the preliminary injunction and asset restraint against ChuangTuTu. Alternatively, ChuangTuTu requests a prompt order requiring Plaintiff Bose Corporation ("Bose") to show cause, establish compliance, and explain why continued injunctive relief remains warranted. This motion includes its supporting memorandum.

References to the "Original Action" identify *Bose Corporation v. The Partnerships Identified on Schedule A*, No. 1:26-cv-00011 (N.D. Ill.). Other docket references identify this severed action.

## INTRODUCTION

Bose should not be permitted to retain the benefit of a preliminary injunction while leaving unperformed the steps the Court expressly required to prosecute its claims against ChuangTuTu. On August 31, 2026, the Court directed Bose to pay a separate filing fee and file a complaint limited to this Defendant. *Bose Corporation v. The Partnerships Identified on Schedule A*, No. 1:26-cv-00011, Dkt. 119 (N.D. Ill.) ("Original Action"); Dkt. 1. Four weeks later, Bose has not filed that complaint or sought relief from the requirement. Meanwhile, ChuangTuTu remains subject to the injunction, including the $6,082 asset restraint preserved on August 14. Original Action, No. 1:26-cv-00011, Dkts. 114–115.

The Court's decision to sever rather than dismiss deliberately preserved Bose's preliminary relief while allowing its individual claims to proceed. It did not authorize Bose to leave the severed action dormant. ChuangTuTu seeks enforcement of the obligations imposed by that decision, not reconsideration of the infringement findings or an assertion that severance automatically terminated the injunction.

Bose must either prosecute this action as directed or explain why it has not done so and why the injunction should continue. ChuangTuTu requests dismissal without prejudice and express dissolution of the injunction. If the Court concludes that a final opportunity to comply is appropriate, it should set a short, definite deadline, require a substantive explanation, and warn that further noncompliance may result in dismissal and dissolution.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 28, 2026, ChuangTuTu filed its motion to dismiss for improper joinder and to dissolve the preliminary injunction in the Original Action. Original Action, No. 1:26-cv-00011, Dkt. 78. Its supporting memorandum and declaration were filed the same day. *Id.*, Dkts. 79–80.

Bose opposed the motion, and ChuangTuTu replied. *Id*., Dkts. 88, 90. The injunction against ChuangTuTu had been entered on March 18, 2026. *Id*., Dkt. 49; *see id*., Dkt. 115 at 3.

On August 14, 2026, the Court granted the motion in part. It declined to dissolve the preliminary injunction, reduced the asset restraint to $6,082, and determined that the claims against ChuangTuTu should be severed into a separate action for which Bose would pay a new filing fee. *Id*., Dkts. 114–115. The Court deferred implementation briefly to permit the parties to explore resolution and required a status report by August 28. *Id*., Dkt. 114.

The parties filed their joint status report on August 28, 2026. *Id*., Dkt. 117. After reviewing that report, the Court entered its August 31 order directing the Clerk to open *Bose Corporation v. Chuangtutu* and assign the matter to Judge Rowland as a related case. The order separately directed:

> "Plaintiff is required to pay a filing fee for this matter to be established and to file a complaint limited to the allegations against this defendant."

*Id*., Dkt. 119; Dkt. 1. The order thus imposed two affirmative obligations on Bose; the Clerk's opening of the new docket did not itself discharge either one.

As of September 28, 2026, Bose has not filed the required ChuangTuTu-specific complaint in this action, requested an extension or clarification of the August 31 order, or filed an explanation for its failure to take those steps. Twenty-eight days have elapsed since the order. ChuangTuTu remains subject to the preliminary injunction and the $6,082 restraint during that period. Defendant requests that the Court take judicial notice of the filings and orders in both actions and of the current docket in this action.

The case-opening information reflected that a filing fee was due. Defendant requests that Bose identify the date and receipt number of any payment satisfying the August 31 order or explain

why payment has not been made. A payment receipt would resolve that question. Even if Bose has paid the fee, however, that would not excuse its separate failure to file the ordered complaint.

The August 31 order did not specify a calendar deadline for compliance or expressly warn of dismissal. ChuangTuTu acknowledges that limitation and requests alternative show-cause relief to eliminate any uncertainty about the required next steps and the consequences of continued noncompliance.

## ARGUMENT

### I. The Court Should Enforce Its Severance Order Under Rule 41(b).

Rule 41(b) permits a defendant to seek dismissal when a plaintiff fails to prosecute or comply with a court order. The Court also possesses inherent authority to manage its docket and prevent undue delay. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–31 (1962). The issue is therefore not whether Bose has stated a claim under Rule 12(b)(6), but whether it may continue this action without taking the steps the Court ordered.

The Seventh Circuit requires a contextual and proportionate exercise of that authority. Relevant considerations include the extent of noncompliance, responsibility for the delay, its effect on the Court and the defendant, the apparent merits, and the interests served by the litigation. *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561–62 (7th Cir. 2011). Particularly where dismissal would end the merits permanently, the Court should consider whether a less severe response would suffice. *Id*.

The absence of a fixed deadline does not eliminate the obligation to prosecute. In *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931–33 (7th Cir. 2018), the court affirmed a Rule 41(b) dismissal even though the district court had imposed no deadline for the required next step. Its analysis turned on the circumstances and consequences of the delay. That case involved several

months of inactivity. The additional circumstance here is a continuing injunction coupled with an unperformed, defendant-specific pleading requirement.

The August 31 order required Bose to file a complaint limited to ChuangTuTu and pay the separate fee. Original Action, No. 1:26-cv-00011, Dkt. 119; Dkt. 1. Those obligations followed the adjudicated joinder dispute and the parties' status report. Bose already possessed the allegations on which it sought and maintained preliminary relief. If it required more time or believed the transferred filings satisfied the order, it could have asked the Court. Nothing in the order made compliance contingent on another request from ChuangTuTu.

Accordingly, the Court required an additional, particularized pleading to place those claims on the proper footing. Treating that direction as optional would deprive the severance order of practical effect while preserving the burdens imposed on ChuangTuTu.

## II. The Continuing Restraint Calls for Prompt, Proportionate Relief.

The present record supports intervention, even if the Court elects to allow one final opportunity for compliance. The relevant considerations must account for the injunction that continues to bind ChuangTuTu while the court-ordered pleading remains unfiled.

**The nature of the noncompliance.** The omitted filing is the complaint the Court required for this individual action, not an incidental administrative submission. Twenty-eight days without that pleading or a request for relief leaves a specifically ordered step outstanding. The operative concern is the continuing failure to implement the Court's express direction while retaining the injunction.

**Responsibility and explanation.** The current record does not establish whether the delay originated with Bose, its counsel, or an administrative issue. That uncertainty supports requiring an explanation; it does not justify allowing the matter to remain unresolved. Bose has appeared

through counsel in the Original Action, including in the August 28 status report. Original Action, No. 1:26-cv-00011, Dkt. 117. Bose and its counsel should now explain why the severed action has not advanced and identify who will carry out the Court's direction.

**Prejudice and docket management.** ChuangTuTu remains bound by preliminary relief, including the $6,082 restraint, without the orderly progression of the individual action contemplated by severance. That continuing restriction and the burden of obtaining compliance weigh against leaving this action dormant. A plaintiff seeking equitable protection should pursue, rather than postpone, the adjudication that protection is intended to support. The Court has already decided the joinder issue and directed how the claims must proceed. Requiring compliance now avoids further proceedings devoted merely to implementing that decision.

**Merits and proportionality.** The Court previously declined to dissolve the injunction; ChuangTuTu does not characterize Bose's claims as meritless based on the present delay. But preliminary success does not excuse compliance with case-management orders. Dismissal expressly **without prejudice**, rather than an adjudication rejecting the trademark claims, addresses nonprosecution without requesting a permanent merits sanction. Alternatively, a definite compliance deadline and warning would allow Bose to preserve its claims by taking the required steps. These alternatives account for both the statutory interests Bose invokes and ChuangTuTu's interest in an actively prosecuted case.

## III. Dismissal Should Expressly Dissolve the Injunction and Asset Restraint.

A preliminary injunction preserves the parties' positions pending a determination on the merits; it is not a substitute for that determination. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The Court retains authority to revise interlocutory relief under Rule 54(b) and to modify an injunction when changed circumstances make its continued operation inequitable.

*System Federation No. 91 v. Wright*, 364 U.S. 642, 647–48 (1961). Rule 65 governs the injunction and its enforceable scope.

On August 14, 2026, the Court's decision expressly retained the injunction and selected severance because dismissal would lift it. Original Action, No. 1:26-cv-00011, Dkt. 115 at 13. The Court also explained that dissolution requires consideration of the factors governing preliminary relief. *Id*. at 3. The present motion concerns a subsequent circumstance: Bose's failure to implement the Court-ordered individual action during the ensuing four weeks. A favorable preliminary merits ruling does not resolve the separate equitable question whether relief should continue while its beneficiary fails to prosecute the action as directed.

As such, the dismissal under Rule 41(b) should expressly dissolve the injunction and asset restraint.

## IV. Alternatively, Bose Should Be Ordered to Show Cause and Establish Compliance Within Seven Days.

If the Court is not prepared to dismiss on the present record, a specific show-cause order is warranted. It would give Bose a defined opportunity to explain any genuine obstacle, resolve the absence of an express compliance date, and protect ChuangTuTu against open-ended continuation of the present posture. That measured course responds to the considerations identified in *Kasalo*, 656 F.3d at 561–62, without assuming bad faith or imposing sanctions for unproven misconduct.

Within seven days after entry of the order, Bose should be required to file a response that: (a) explains why the ChuangTuTu-specific complaint has not been filed; (b) confirms whether the new filing fee has been paid, with the payment date and receipt number, or explains the failure to pay; (c) identifies counsel responsible for prosecuting this action and confirms whether Bose intends to proceed; and (d) explains why the action should not be dismissed and why the injunction and $6,082 restraint should continue despite the delay.

By the same deadline, Bose should file the required defendant-specific complaint and establish satisfaction of the filing-fee requirement, or move for specific relief from those obligations supported by a concrete explanation. A generic statement that the case remains pending would not address the outstanding requirements. ChuangTuTu should have seven days after Bose's response to reply, and the Court should then determine whether dismissal, dissolution, or further case-management relief is appropriate.

## **CONCLUSION**

For these reasons, ChuangTuTu respectfully requests that the Court:

A. Dismiss this action without prejudice under Rule 41(b) for failure to prosecute and comply with the August 31, 2026 order;

B. Expressly dissolve the preliminary injunction and all associated restraints against ChuangTuTu, including the $6,082 asset restraint, and direct release of funds held solely under those orders;

C. Alternatively, enter an order requiring the written showing and compliance described above within seven days, with an express warning of possible dismissal and dissolution for further noncompliance; and

D. Set prompt briefing or further proceedings and grant such other relief as the Court deems appropriate.

Dated: September 28, 2026.

**THE LAW OFFICE OF X. LYU, PLLC**

By: */s/ Xintong Lyu*
Xintong Lyu, NYSBA No. 6253975
36-36 Prince St., Ste 309A
Flushing New York 11354
(212) 812-8273
catherine.lyu@lyulawpllc.com

Jian Wang, NYSBA No. 6315865
36-36 Prince St., Ste 309A
Flushing, New York 11354
Phone: (212) 812-8273
Email: jwang@lyulawpllc.com