**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Bose Corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>ChuangTuTu,<br><br>*Defendant*. | Case No. 1:26-cv-10563<br><br>**Judge Mary M. Rowland**<br><br>**Magistrate Judge Young B. Kim** |

**[PROPOSED] ORDER TO SHOW CAUSE AND ESTABLISH COMPLIANCE WITH SEVERANCE ORDER**

Before the Court is Defendant ChuangTuTu's motion to dismiss for failure to prosecute and comply with the Court's severance order, to dissolve the preliminary injunction, or, alternatively, for an order to show cause. The Court elects to require a prompt written response and a final opportunity to establish compliance before deciding whether dismissal or dissolution is warranted. Accordingly:

1. Within seven calendar days after entry of this Order, Plaintiff Bose Corporation shall file a written response, signed by its counsel, showing cause why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) and why the preliminary injunction and $6,082 asset restraint against ChuangTuTu should not be dissolved.

2. The response shall explain the failure to file the complaint limited to ChuangTuTu required by the August 31, 2026 order (Dkt. 1; Original Action No. 1:26-cv-00011, Dkt. 119); identify the date and receipt number of any payment satisfying the separate filing-fee requirement,

or explain any nonpayment; identify counsel responsible for prosecuting this action and confirm whether Bose intends to proceed; and state the factual and legal basis for continuing preliminary relief in light of the post-severance delay.

3. By the same seven-day deadline, Bose shall file the required defendant-specific complaint and establish satisfaction of the filing-fee requirement, or file a motion requesting specific relief from those obligations and explaining the concrete basis for that request. A status report alone does not replace the ordered complaint or proof of payment. Counsel shall ensure that any necessary appearance in this action is on file.

4. ChuangTuTu may file a reply within seven calendar days after Bose files its response. The Court will determine the remaining relief requested in the motion after considering the response and any reply, and will set further proceedings if necessary.

5. Bose is expressly WARNED that failure to respond to this Order or comply with its requirements may result in dismissal of this action under Rule 41(b) and dissolution of the preliminary injunction and asset restraint against ChuangTuTu. Any such relief will be implemented by further order of the Court; this Order does not direct automatic dismissal or release of funds upon expiration of a deadline.

6. Unless and until modified by further order, the existing preliminary injunction remains in effect as previously modified, including the $6,082 limit on the asset restraint against ChuangTuTu. Nothing in this Order enlarges that relief or authorizes a transfer of restrained funds to Bose.

7. The motion remains pending to the extent it seeks dismissal, dissolution, or other relief not resolved by this Order.

**IT IS SO ORDERED.**

Date: ____________________

___________________________________
Mary M. Rowland
United States District Judge