**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BOSE CORPORATION,<br><br>PLAINTIFF,<br><br>V.<br><br>CHUANGTUTU,<br><br>DEFENDANT. | CASE NO.: 1:26-CV-10563<br><br>JUDGE MARY M. ROWLAND |

## COMPLAINT

Plaintiff, Bose Corporation ("Bose" or "Plaintiff"), by its undersigned counsel, complains of ChuangTuTu ("Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action for trademark infringement, false designation of origin and unfair competition under the Lanham Act, and deceptive trade practices under Illinois law. Defendant offered silicone protective case covers for Bose Ultra Open Earbuds ("Infringing Products") through its ChuangTuTu Amazon storefront using BOSE trademarks prominently in its product listing titles and promotional material in a manner likely to suggest that Bose produced, sponsored, approved, or was affiliated with those products.

2. Bose seeks injunctive relief, an accounting and recovery of Defendant's profits attributable to the challenged conduct, damages, and the other relief set forth below.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over the federal trademark claims arising under 15 U.S.C. §§ 1114 and 1125(a). The Court

has supplemental jurisdiction over the Illinois claim under 28 U.S.C. § 1367(a) because it arises from the same product listings and alleged misconduct as the federal claims.

4. Defendant purposefully directed its commercial activities toward Illinois, including this District, by offering the Infringing Products through its fully interactive Amazon storefront for purchase and delivery within Illinois. Defendant has sold at least one Infringing Product into Illinois and this District. Bose's claims arise out of those commercial sales and the use of BOSE in connection with the sale of the Infringing Products. These contacts support the exercise of specific personal jurisdiction over Defendant.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims occurred in this District, including the sale directed to Illinois.

## THE PARTIES

6. Bose is a Delaware corporation with its principal headquarters at 100 The Mountain Road, Framingham, Massachusetts 01701.

7. Defendant is the Amazon ecommerce storefront of Chuangtutu operating at www.amazon.com/sp?seller=A2OVLK6J72H884, and operated by Chang Sha Shi Chuang Tu E-commerce Co., Ltd. which is a Chinese business entity. The Defendant storefront lists its address as No. 266, Guyuan Road, Lugu Street, Xiangjiang New Area, Qixin Constellation Apartment, Building 1, Unit 1142, Changsha City, Hunan 410005, China.

## PLAINTIFF'S TRADEMARKS

8. Founded in 1964, Bose manufactures and sells audio equipment, including headphones, earbuds, headphone/earbud cases, speakers, home theater systems, and related accessories ("Bose Products"). Bose sells its products online and through authorized retailers.

9. Plaintiff, Bose Corporation, is the owner of the federally registered BOSE trademarks listed in the table below, true and correct copies of which are attached hereto as **Exhibit 1** (collectively, the "BOSE Trademarks").

| MARK | REG. NO. | CLASS(ES) OF GOODS & SERVICES | REG. DATE |
|---|---|---|---|
| BOSE | 829,402 | IC 009: ACOUSTICAL TRANSDUCER SYSTEMS FOR REPRODUCING SOUND. | May 30, 1967 |
| BOSE | 3,863,254 | IC 009: Batteries; Communications headsets for use with communication radios, intercom systems, or other communications network transceivers; Headphones; Headsets for cellular or mobile phones; Microphones. | Oct. 19, 2010 |
| BOSE | 5,423,514 | IC 009: Remote controls for audio or video products, namely, audio speakers, amplifiers, receivers, CD players, MP3 players, audio or video streaming devices, televisions, videocassette players, DVD players, or digital video recorders; Mounts and mounting brackets adapted for audio speakers; Stands adapted for audio speakers; Protective cases and covers for loudspeakers and headphones; Computer application software for mobile phones, tablets or other mobile devices, namely, software for controlling devices that enhance or amplify ambient sounds or mask noise; earphone accessories, namely, earphone cushions, earphone pads, and earphone extension cords; headphone accessories, namely, headphone cushions, headphone pads, and headphone extension cords. | Mar. 13, 2018 |

10. Bose owns the exclusive rights to develop, manufacture, distribute, license, promote, offer for sale and sell its Bose Products in connection with the BOSE Trademarks.

11. The BOSE Trademarks are inherently distinctive, valid, subsisting, and in full force and effect. Plaintiff has used the BOSE Trademarks exclusively and continuously. The trademark registrations constitute *prima facie* evidence of their validity and of Bose's exclusive right to use the BOSE Trademarks for the respective registered goods pursuant to 15 U.S.C. § 1057(b). Bose has continuously sold Bose Products in connection with the BOSE Trademarks and has amassed strong common law trademark rights in them. The BOSE Trademarks are famous marks and invaluable assets of Bose.

13. Bose has invested substantial time, money, effort, and resources in developing and distributing Bose Products, marketing its BOSE Trademarks, and building consumer recognition

with the Bose brand. Bose spends more than $10 million annually on marketing and promotion of its products and trademarks. As such, consumers have come to identify the BOSE Trademarks as an indication that the source of any associated products is Bose.

14. Bose has not licensed or authorized Defendant to use the BOSE Trademarks as a source designation for Defendant's products, or to represent that its products are made, sponsored, approved, or endorsed by Bose.

**DEFENDANT’S CHALLENGED CONDUCT**

15. Bose’s investigation documented eight (8) Amazon product listings offered by the Chuangtutu storefront. True and accurate screenshots of those product listings, and the infringement undertaken by the Defendant, are shown in **Exhibit 2**.

16. The eight (8) listings are identified by Amazon Standard Identification Numbers (“ASINs”) B0D233ZKXZ, B0D233L6K6, B0D2331V2T, B0D232Q5TK, B0D232JFCV, B0CYX493H4, B0CYX3BSSW, and B0CYX1HHNN. The documented product URLs consist of the ASIN appended to https://www.amazon.com/dp/.

17. The product listings offer silicone protective case covers in black, dark blue, dark green, beige, and purple, with combinations of a cleaning kit and carabiner. The prices range from $6.99 to $9.99. According to Amazon, Defendant sold at least 2,799 Infringing Products for a revenue of at least $29,106.21.

18. Each product listing title begins with “Bose Ultra Open Earbuds” with varying language thereafter. For example, the dark blue listing for ASIN B0CYX1HHNN states “Bose Ultra Open Earbuds Case with Cleaner Kit & Carabiner.” The dark blue listing for ASIN B0D232JFCV states “Bose Ultra Open Earbuds Silicone Case Cover.” *See* Exhibit 2 at pp. 2 & 5.

19. By placing Bose at the beginning of the product listing titles in the position ordinarily used to identify the brand of the offered goods, Defendant presented its case covers in a manner likely to suggest a source, sponsorship, approval, or affiliation with Bose. Defendant also uses the BOSE Trademarks within the product listing descriptions, under “About this item.” See, Exhibit 2 at pp. 7, 9.

20. The Defendant also used promotional video imagery in its product listings with the phrase “Bose Ultra Open Earbuds Case” prominently displayed.

21. The product listing images for ASINs B0D232JFCV, B0D232Q5TK, B0D2331V2T, B0D233L6K6, and B0D233ZKXZ prominently display the stylized BOSE logo on the depicted earbud charging case, visible at the front of the offered protective cover. See, Exhibit 2 at pp. 5–9. By adopting and using those images together with the leading BOSE wording in its titles to promote the Infringing Products, Defendant presents its products in a manner likely to suggest Bose's sponsorship, approval, or affiliation.

22. The Infringing Products are designed and marketed for use with Bose audio equipment and are offered to consumers shopping for accessories for Bose products. Bose’s stylized logo identifies, and is specific to, its Bose branded audio equipment and accessories, and Defendant’s use of that logo in advertising the Infringing Products reinforces the impression of a common source or sponsorship. Both Bose and Defendant market products online to the same customer base. The Infringing Products’ relatively low prices and ready availability increase the likelihood that consumers will exercise limited care when purchasing them.

23. Defendant’s product listings further identify Bose Ultra Open Earbuds in the “Compatible Devices” field. In doing so, Defendant continues to suggest that the source of the Infringing Products is Bose rather than simply indicating compatibility. Defendant could convey

compatibility without presenting Bose as the leading source-identifying term in its titles, using the stylized Bose logo on its promotional materials, and identifying a Bose-specific product in the Compatible Devices field.

24. Defendant used the product listing titles and promotional material to advertise and offer its products for sale in interstate commerce, including to Illinois consumers. The identical wording "BOSE" in Defendant's advertising is a reproduction of the BOSE word marks, used without Bose's consent in a manner likely to confuse consumers about source, sponsorship, approval, or affiliation.

25. Defendant's conduct is likely to divert sales from Bose and its authorized channels and deprive Bose of control over its reputation and goodwill associated with the BOSE Trademarks. Consumers likely attribute Defendant's Infringing Products and their quality to Bose, even though Bose did not make or approve them.

26. Even if Defendant willfully refrains from using the BOSE Trademarks or implying affiliation with Bose, it does not eliminate the risk of recurrence. On information and belief, Defendant retains the ability to offer products through its Amazon storefront and to resume the challenged presentation absent enforceable injunctive relief.

27. As a result of Defendant's infringement, Bose has suffered injury to its reputation and goodwill and been deprived of exclusivity and control over its BOSE Trademarks. Defendant has caused irreparable injury to Bose for which monetary relief alone would be inadequate.

## COUNT I

### WILLFUL TRADEMARK INFRINGEMENT

### (15 U.S.C. § 1114)

28. Bose realleges and incorporates paragraphs 1–27 as though fully set forth herein.

29. Bose owns the registered BOSE Trademarks and the exclusive rights pertaining thereto. Without Bose's consent, Defendant used the BOSE Trademarks in its product listing titles, promotional material, and in its product listing images, in connection with the advertising, offering for sale, and sale of Infringing Products.

30. Defendant's leading use of the BOSE word marks in its listing titles and promotional material, and its display of the stylized BOSE logo in its product listing images, are likely to cause confusion, mistake, or deception as to whether Bose made, sponsored, approved, endorsed, or was affiliated with Defendant's Infringing Products. That conduct infringes the BOSE Trademarks in violation of 15 U.S.C. § 1114(1).

31. Defendant knew of Bose and the BOSE Trademarks when using those marks to promote accessories for Bose earbuds. As such, its conduct was willful.

32. As a direct and proximate result of Defendant's infringement, Bose has sustained injury to its trademark rights, business, reputation, and goodwill. Bose is entitled to injunctive relief under 15 U.S.C. § 1116 and monetary relief available under 15 U.S.C. § 1117.

33. Unless enjoined, Defendant will continue to cause irreparable harm to Bose.

## COUNT II

### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

### (15 U.S.C. § 1125(a))

34. Bose realleges and incorporates paragraphs 1–27 as though fully set forth herein.

35. Defendant used the BOSE Trademarks, and misleading source and sponsorship designations, in commerce by offering for sale its earbud case covers with the BOSE Trademarks in the product listing titles, promotional imagery, and in the compatible device field.

36. That presentation is likely to cause confusion, mistake, or deception as to Defendant's affiliation, connection, or association with Bose, and as to Bose's origin, sponsorship, or approval of Defendant's products and commercial activities, in violation of 15 U.S.C. § 1125(a).

37. Defendant's conduct has caused diversion of sales and irreparable injury to Bose's reputation and brand confidence. Defendant has benefited from the goodwill associated with the BOSE Trademarks without Bose's authorization.

38. Bose has suffered and is likely to suffer further injury from recurrence of this conduct. Bose seeks injunctive relief and the profits, damages, costs, and other relief recoverable under 15 U.S.C. §§ 1116 and 1117.

## COUNT III

### VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS 510)

39. Bose realleges and incorporates paragraphs 1–27 as though fully set forth herein.

40. In the course of its business, Defendant directed its offers for sale to Illinois consumers, including consumers in Chicago, and used the BOSE Trademarks in the manner described above to market its earbud case covers.

41. Defendant's presentation causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation, connection, or association of its products with Bose and represents sponsorship or approval that its products do not have, in violation of 815 ILCS 510.

42. Bose has been injured and will continue to be injured by recurrence of these deceptive trade practices, through loss of control of its goodwill, injury to its reputation, and diversion of customers. Bose seeks injunctive relief along with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Bose requests judgment against Defendant as follows:

1) Judgment in favor of Plaintiff that Defendant has infringed the BOSE Trademarks under 15 U.S.C. § 1114, engaged in false designation of origin and unfair competition under 15 U.S.C. § 1125(a), and violated the Illinois Uniform Deceptive Trade Practices Act;

2) A permanent injunction restraining Defendant from using the BOSE Trademarks or confusingly similar designations in a manner likely to cause confusion as to the source, sponsorship, approval, affiliation, or association of Defendant’s products with Bose;

3) An accounting and award of Defendant's profits attributable to its infringement and Bose's actual damages, in amounts proven, with such adjustment or enhancement as is permitted under 15 U.S.C. § 1117(a), or, in the alternative, statutory damages as permitted under § 1117(c) should the Defendant’s use amount to willful counterfeiting, to be elected at a later date by the Plaintiff;

4) Prejudgment and post judgment interest to the extent permitted by law; and

5) Such other and further relief as the Court deems just and proper.

Dated: October 14, 2026

Respectfully submitted,

*/s/ Alison K. Carter*
Alison K. Carter
Ann Marie Sullivan

**SULLIVAN & CARTER, LLP**
111 W. Jackson Blvd. Ste 1700
Chicago, Illinois 60604
www.scip.law
929-724-7529
a.carter@scip.law

***ATTORNEYS FOR PLAINTIFF***